Gaston,- Judge.
 

 The will of John Posten, winch we are called upon to expound, is
 
 set forth
 
 at
 
 length in the
 
 transcript. At the time of its execution, he was seized of three adjacent tracts of land, and no other. The first of these was rt tract of 300 acres, on which his dwelling house and mills were situate; the second, a tract of 200 acres, on which his son Robert was living, being the same which, in the will, is altogether devised to the said Robert; and the third, a tract called the old tract, being the same whereof a part is in the will given to Robert, and a part
 
 to the testator’s second son,
 
 John A. B. Posten. The inclosed land or plantation of the testator covered parts of all these tracts, and embraced two thirds of the part given to John A. B., whereof the field approached to' within 300 yards of the testator’s dwelling. The testator had three sons, Robert,- John A. B., and William, of whom the two former were married and living on land of their father; but John was not living on the part devised to him in the will. William was a boy under
 
 age,
 
 living with his father. The testator died very soon after the execution of the will. And the sole question is, whether the devise to John A. B. Posten was of an immediate fee, or of an estate in remainder after the death or marriage of the testator’s widow.
 

 We cannot pronounce with confidence what was the intention of the testator; but, following as well as we can the established rules of construction, we are brought to the conclusion that, under
 
 the
 
 will, John
 
 took an
 
 immediate fee simple.
 

 The disposition made for the testator’s wife of “full possession of all the plantation and stock, house and household
 
 *169
 
 furniture, during her natural life or widowhood,” is qualified by the exception, “ except the particulars that may be hereaf-' ter mentioned.” Upon these words we should be obliged to hold, that the exception is broad enough to take in any subsequent disposition that might be therein made, of the plantation, as well as of the stock and other articles. The plantation, stock, house and household furniture, are enumerated as constituting one subject of gift — and the subject, consisting of these individuals, is given with the modification, and liable to the exceptions, expressed in the donation. The correctness of this opinion is made the more manifest, by examining the devise to the testator’s son Robert. The words of it are, “ I will and bequeath to my son Robert, all the 200 acre tract of land
 
 that he noio lives on,
 
 and so much of the old tract of land as lies on the same side of Homony creek, above Joshua Jones’s land, and all the land included in a bottom known by the name of the Wagon Ford Bottom, on the north side of Homony creek.” The testator recognizes that the devisee is then actually living on the 200 acre tract; and if the testator did not design to clothe
 
 this possession
 
 with a
 
 title,
 
 but to confer a right of possession at a future day — it cannot be doubted, we think, but that he would have here used some words indicative of this his purpose. This part of the devise to Robert, admits of no other construction than as passing an immediate estate in fee. If so,
 
 all
 
 contained in that clause, being but the sum of what is thereby given, is necessarily also given immediately; and, therefore,- the whole of the land given to Robert is excepted out of the disposition to the testator’s widow. After this devise to Robert,- comes a bequest of $50 to one of the testator’s daughters, Mary; arid then follows the item or section of the will which is the immediate subject of the present dispute. If the first sentence be. considered
 
 per se
 
 — and taken as a whole- — it leaves no room for doubt.
 
 “
 
 I will and bequeath unto my son John A. B., all the remaining part of the old tract of land, exclusive of the part above mentioned to my son Robert.” There could be no reason for refusing to hold this to be an immediate gift, after having ascertained that a devise in the same terms to Robert was to be so expounded. If the gift to Robert come's'
 
 *170
 
 within the “ exception” to the disposition made to the wife, so must this also. The enquiry then is, does the sentence stop here? Is the force of the
 
 act,
 
 expressed by the
 
 terms, “
 
 * §?7e an<^ bequeath,” here expended? The clause or section continues thus: “ and bequeath unto my son John A. B., my still and all her furniture,
 
 at the death or marriage of my wife
 
 — also, my wagon and hind gearing,
 
 at her death?
 
 Are these words, “ at the death or marriage of my wife,” or the words, “ at her death,” in the same sentence which contains the devise of the land’ — so that the modification expressed by them is applicable to that devise, or are they parts of distinct sentences, containing modifications of distinct gifts? It seems .to us that the rules of grammar oblige us to say. — if there be no plain reason to the contrary — that these modifications are not parts of the sentence in which the land is devised, and do not qualify that devise. The still and furniture, the wagon and hind gearing, do hot follow on after the land, as an addition or enumeration of further articles making up the subject matter on which the beginning words of the section “ I will and bequeath” are to operate — but are separated therefrom by distinct words of gift, and a distinct nomination of the legatee, “ and bequeath unto my son John A. B,” &c. This shews that the testator is now dealing with a new subject, and that the words which follow apply to that only, and not to the preceding subject — unless the intent that they should do so is plain. The idea is fortified by the peculiar language of the last part of the clause, “also, my wagon and hind gearing,
 
 at her death?
 
 Here is a modification with respect to the gift of these last articles, somewhat though slightly variant from that in the disposition of the articles just before mentioned. The clause .must, therefore, be regarded as consisting of three sentences, each containing a separate disposition of the subject matter of gift therein mentioned. The second and third are gifts to be enjoyed at a future day —but the first is without qualification, therefore immediate and absolute.
 

 We feel that this mode of exposition is
 
 artificial, and of
 
 course not well calculated to eviscerate the intent of those who have expressed themselves in inartificial language. But
 
 *171
 
 we can find in this case no plain indications oí the testator’s meaning; and, unless we resort to the rule adopted, we shall be left altogether to conjecture. What the result of such conjecture might be, it is not easy to say. On the one hand, it seems strange that the testator should, in providing for his wife, give her the
 
 full possession of all Ids plantation,
 
 with the exceptions thereinafter mentioned, and then, by exceptions, take away more than two-thirds of the seemingly liberal gift. But, on the other hand, it is manifest that, in the devise to one of his married sons, he intended a provision securing to him a present home for himself and his family— and it is very improbable that, in a devise to another married ,
 
 \ i
 
 , . . . son, he intended to make a provision for him and his family after the death or marriage of testator’s widow ! ' But we are not permitted to indulge in conjecture. The grammatical construction must prevail, when an intent to the contrary does not plainly appear.
 

 _ In expounding a will, maticaim" eonstmeprevail “thlT1 contrary plainly appear
 

 ■ As our opinion corresponds with that expressed by his Honor, in the Court below, the judgment must be affirmed,
 

 Per Curiam. Judgment affirmed.